David Glow
1428 Terminal Loop Rd
McQueeney, TX 78123
830-560-6679
Defendant in Pro Se

RECEIVED

APR 1 3 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SA20CA0459 FB

| | |
|---|---|
| VANESSA VAGDOS | ) Case No.: |
| | ) |
| Plaintiff, | ) NOTICE OF REMOVAL |
| | ) [28 U.S.C. 1441, 14446 (6)] |
| vs. | ) |
| | ) |
| | ) FROM THE COUNTY COURT OF |
| DAVID GLOW AND ALL OCCUPANTS | ) GUADALUPE COUNTY |
| | ) |
| Defendant. | ) Case No.:JEV-120-015 |
| | ) |

Defendant alleges:

**PARTIES AND COUNSEL**

    1. Defendant, **DAVID GLOW** and Plaintiff, VANESSA VAGDOS are those parties in a Texas County Court filed in the Guadalupe County Court of Guadalupe County, concerning real property located at , 1428 Terminal Loop Rd, McQueeney, TX 78123 [hereinafter referred to as "premises"], within this court's jurisdiction.

    2. Defendant, David Glow are the tenants of the premises, and participants in this litigation.

    3. Wherefore, Defendant, is a bona fide tenant.

    4. Plaintiff is NOT represented by counsel in the County Court action.

///

///

# FEDERAL QUESTION

5. Plaintiff has actually filed a Federal Question Action in County Court, for which the County Court Action is removed under 28 U.S.C. 1441 *et seq.* **Hunter v Philip Morris**, USA, 582 F. 3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. The Complaint in this action was filed in County Court as artful pleading, entitled by the County Court of Guadalupe as " Eviction Citation". Pleadings intentionally fails to allege compliance with the Civil Rights Act of 1968.

7. A well-placed Complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. [*Armstrong v N. Mariana Islands,* 576 F. 3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 687-690 (2006); *Franchise Tax Bd v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983)].

8. Even where the cause of action is based on state law, the District Court has subject matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a substantial federal issues in resolving such issues, and (3) a Federal forum may entertain the State Law claims without disturbing the balance of Federal and State judicial responsibilities. [*Grable & Sons Metal Prods v. Darue Engr & Mfg.* 545 US 308, 313, 315 (2005)]. Here, the rights of the Defendants are clearly at stake.

9. To be a Federal Cause of Action, there must also be a private right of action. [*Merrill Dow Pharms. Inc. v. Thompson* 478 US 804, 817 (1986)]. It can be either express or implicit. [*Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008)]. The Court must look to the "rights creating" language and statutory structure within which it is contained. [*Lamie v. Unites States Trustee* 540 US 526, 534 (2004)]. The Court must assume that Congress did not intend to create a right without a remedy. [First *Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1123, 1125-26,

2

(9th Cir. 2000)].

10. Defendant is a members of a protected class of whom the statue, the "Civil Rights Act of 1968" was created.

11. The Federal Cause of Action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

## REMOVED ACTION

12. The Notice of Removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

13. A true and correct copy of the County Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

14. Defendant is a bona fide residential tenant and entitled to the protection of the Federal Court, and entitled to remove this action to Federal Court.

15. Under Texas Code of Civil Procedure the County Court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the County Court, after which jurisdiction will again attach as described in that statute.

1  Dated: APRIL 10, 2020

David Glow
1428 Terminal Loop Rd
McQueeney, TX 78123
830-560-6679
Defendant in Pro Se

Plaintiff: **Vanessa Vajdos**       Cause Number: **JEV120-015**
VS.
Defendant(s): **David Glow And All Occupants**

In the Justice Court
Precinct One
County of Guadalupe, Texas

# EVICTION FINAL JUDGMENT

On this the on this the 5th day of March, 2020, the above styled and numbered cause in which plaintiff sought possession of the premises located at **1428 TERMINAL LOOP ROAD MCQUEENEY, TX 78123** (in addition to other relief) was heard.

The Court hereby
☒ finds that the defendant(s) did not answer, demand trial, pay a jury fee or appear at the appearance time and date noted on the citation;
☐ finds that defendant(s) did answer or make appearance in some manner, after which a trial was held and evidence and argument was considered;
☒ grants plaintiff possession of the premises referred to in the above, for which plaintiff shall no sooner than **March 31, 2020** to be entitled to a writ of possession in accordance with Rule 748;
☐ grants plaintiff immediate possession of the premises referred to in the above cause of action under Rule 740c, for which plaintiff is entitled to an Order for Immediate Possession, subject to the one-day warning requirement of Section 24.0061(d)(1) of the Property Code; the Court also finds that plaintiff timely filed a bond for possession which was approved by the Court and that defendant failed to demand a trial, file a counter bond, appear or file an answer to the eviction lawsuit by the appearance time and date stated in the citation;
☐ grants plaintiff's claim for unpaid rent in the sum of $0.00, and the Court finds the amount of actual rent to be $2355.00, during the pendency of any appeal.
☐ grants plaintiff's claim for attorney's fees in the sum of $.00.
☐ grants plaintiff's claim of Court Costs; $.00.
☐ grants plaintiff's claim for interest on the entire judgment (including court costs) at the rate of 5.00% per annum from the date of judgment, compounded annually, until paid.
☒ Appeal Bond set at $5000.00.

Signed this **on this the 5th day of March, 2020.**

Judge Darrell Hunter
Justice of the Peace, Precinct One
Guadalupe County, Texas

GUADALUPE CO. CON. 1
FEB 20 2020 AM 11:17

## EVICTION CITATION: REV. 7/2013

Page 1 of 2

NO. JEV120-015

| | | |
|---|---|---|
| **VANESSA VAGDOS** (PLAINTIFF) VS. | X | IN THE JUSTICE COURT |
| | X | PCT. <u>ONE</u> |
| **DAVID GLOW AND ALL OCCUPANTS** <u>1428 TERMINAL LOOP ROAD MCQUEENEY, TX 78123</u> (DEFENDANT) | X | <u>GUADALUPE</u> COUNTY, TEXAS |

THE STATE OF TEXAS TO DAVID GLOW AND ALL OCCUPANTS, DEFENDANT, in the hereinafter-styled and numbered cause: in the hereinafter-styled and numbered cause:

You have been sued. You may employ an attorney to help you in defending against this lawsuit. But you are not required to employ an attorney. You may file a written answer with the court <u>before your scheduled trial</u>. You and/or your attorney are summoned to be and appear before the Honorable DARRELL HUNTER, Justice of the Peace in and for the above named Precinct and County, at the JUSTICE COURT located at **2405 E. US HIGHWAY 90, Seguin, Texas**, on <u>March 05, 2020,</u> at <u>10:03 AM;</u>

There to answer the complaint of action of Forcible Entry and Detainer/Forcible Detainer (eviction), wherein Plaintiff(s) sues for restitution of the following property and premises: <u>1428 TERMINAL LOOP ROAD MCQUEENEY, TX  78123</u> in Justice Court, Precinct No. One, Guadalupe County, Texas 830-372-4223.

This date is your trial date.  Arrange to have any evidence or witnesses you wish the court to consider there in court on that day. For further information, consult Part V of the Texas Rules of Civil Procedure, which is available online and also at the court listed on this citation.

### <u>FAILURE TO APPEAR FOR TRIAL MAY RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST YOU.</u>

<u>SUIT TO EVICT</u>
THIS SUIT TO EVICT INVOLVES IMMEDIATE DEADLINES.

A TENANT WHO IS SERVING ON ACTIVE MILITARY DUTY MAY HAVE SPECIAL RIGHTS OR RELIEF RELATED TO THIS SUIT UNDER FEDERAL LAW, INCLUDING THE SERVICEMEMBERS CIVIL RELIEF ACT (50 U.S.C. APP. SECTION 501 ET SEQ.), OR STATE LAW, INCLUDING SECTION 92.017, TEXAS PROPERTY CODE.

Officer's Return (Eviction)

## RETURN

CAME TO HAND on the __20__ day of __FEB__, 20__20__, at __11/7__ o'clock __A__.m.; and

EXECUTED at Precinct __1__, Place __GUADALUPE__ County, Texas, at __10:37__ o'clock __A__.m., on the __21__ day of __FEB__, 20__20__, by delivering a true copy of the within citation, with a copy of Plaintiff's Complaint attached thereto, to the Defendant, __DAVID GLOW__ : (check manner of service below)

- ☐ in person; or

- ☐ by leaving a true copy of the within citation, with a copy of Plaintiff's complaint attached thereto, with _____, a person over the age of 16 years, at the usual place of abode of Defendant; or

- ☐ by placing a true copy of a copy of Plaintiff's Complaint attached thereto, through the door mail chute of Defendant's premises; or

- ☐ be securely affixing the citation to the front door or main entry, and by mailing a true copy of such citation with a copy of the sworn Complaint attached and sent by first class mail on the _____ day of _____, 20____.

The distance actually traveled by me in serving such process was _____ miles and my fees are $_____.

To certify which witness my hand officially,

_JAMES SPRINGER_
Constable, Precinct #1,
Guadalupe County, Texas

_C. S_____ 7/12_
BY: Deputy

GUADALUPE CO. JP 1
FEB 20 2020 AM 9:48

NO. JEV120-015

| | | |
|---|---|---|
| **VANESSA VAJDOS** <br> **PLAINTIFF** | § § § | **JUSTICE OF THE PEACE** |
| V. | § § | **PRECINCT NO. 1** |
| **DAVID GLOW** and all <br> **DEFENDANT** occupants | § § § | **GUADALUPE COUNTY, TEXAS** |

## ORIGINAL PETITION FOR FORCIBLE DETAINER

**PLAINTIFF**

PLAINTIFF NAME: VANESSA VAJDOS
ADDRESS: 340 MEADOWLAKE DRIVE, SEGUIN, TX 78155
TELEPHONE: 830-556-5329

**VERSUS**

**DEFENDANT**

DEFENDANT NAME: DAVID GLOW
RESIDENCE ADDRESS: 1428 TERMINAL LOOP ROAD, MCQUEENEY, TX 78123
TELEPHONE: 830-560-6679
(X) PLAINTIFF KNOWS OF NO OTHER WORK OR RESIDENCE ADDRESS OF DEFENDANT(S) WITHIN THE COUNTY.

1.  This is a lawsuit to evict DAVID GLOW, tenant and all occupants, who leases the property located at 1428 Terminal Loop Road, McQueeney, Texas 78123. This property is within the jurisdiction of Precinct No. 1 of Guadalupe County, Texas. The owner/landlord is VANESSA VAJDOS.

2.  The last three digits of the driver's license number of Vanessa Vajdos are 137. The last three digits of the social security number for Vanessa Vajdos are 341.

3.  DAVID GLOW rented the property on or about March 28, 2017. The lease term was from April 17, 2017 to April 16, 2018. The lease was a written lease, which expired on April 16,

GUADALUPE CO. JP 1
FEB 20 2020 AM 9:48

2018, and has not been renewed. DAVID GLOW has held the property since the expiration of the lease on a month-to-month tenancy.

4. The rent is $1,950.00 and is due on the 1st of each month.

5. DAVID GLOW, Defendant/tenant, should be evicted because:

   a. Defendant has caused damage to the property above and beyond normal wear and tear;
   b. Defendant has brought a dog onto the premises as a pet without Plaintiff's prior knowledge and permission;
   c. Plaintiff is within her rights to terminate the month-to-month tenancy pursuant to Sec. 91.001 of the Texas Property Code; and
   d. Plaintiff intends to sell the property, and needs to make necessary repairs and improvements to place it on the market.

6. Written notice to vacate and demand for possession was given on January 15, 2020 by personal delivery and by First Class Mail, and was given pursuant to Sec. 91.001 of the Texas Property Code regarding termination of month-to-month tenancy.

THE COURT is asked to evict DAVID GLOW and ORDER DAVID GLOW TO:

   a. Pay all rents accruing through the date of judgment,
   b. Reimburse Petitioner for all repairs she has made on behalf of Defendant to date due to damages caused by Defendant to the subject property other than ordinary wear and tear;
   c. Pay court costs.

Respectfully submitted,

*Vanessa Vajdos*

Vanessa Vajdos, Plaintiff
340 Meadowlake Drive
Seguin, TX 78155
830-556-5329

vvajdos@hotmail.com

GUADALUPE CO. JP 1
FEB 20 2020 AM 9:44

## VERIFICATION

On the 20 day of Feb., 2020, Vanessa Vajdos appeared and after being placed under oath, deposed and said:

"My name is Vanessa Vajdos. The facts contained in this petition are true and correct and within my personal knowledge."

SWORN TO AND SUBSCRIBED BEFORE ME, on Feb. 20, 2020, 2020 by Vanessa Vajdos.

_____
NOTARY PUBLIC/COURT CLERK

CYNTHIA PIZANA
Notary Public, State of Texas
Comm. Expires 05-22-2021
Notary ID 12530097-6

# BONILLA & CHAPA, P.C.
## ATTORNEYS AT LAW

Tony Bonilla
Ruben Bonilla, Jr.
Ed Chapa
Mary Helen Berlanga
Ted Bonilla
William Asare
Bill Bonilla

(361) 881-1000
Fax (361) 881-1028

PO Drawer 5488
Corpus Christi, Texas 78465-5488
www.bonilla-chapalaw.com

Of Counsel:
Patricia Love
(Edinburg)

*Via Posting on Premises*
*Via First Class Mail*
January 15, 2020

GUADALUPE CO. JP 1
FEB 20 2020 AM 9:44

Mr. Dave Glow
1428 Terminal Loop Road
McQueeney, Texas 78123

## NOTICE OF TERMINATION OF TENANCY

Pursuant to Sec. 91.001. of the Texas Property Code, this letter shall serve as formal thirty (30) day notice that your tenancy at 1428 Terminal Loop Road, McQueeney, Texas 78123 is hereby terminated effective February 15, 2020. You are expected to vacate the premises no later than February 15, 2020.

Further, though the lease agreement lapsed in 2018, your tenancy continues to fall under the conditions set out in that document. Therefore, pursuant to Paragraph 7 on page 2 of 6, "Tenant shall not assign...sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord."

## CERTIFICATE OF SERVICE

I certify that a copy of this notice has been furnished to the above-named tenant on February 15, 2020 at 1428 Terminal Loop Road, McQueeney, Texas 78123 by posting in a conspicuous place on the premises and by First Class Mail.

Sincerely,

BONILLA & CHAPA, P.C.
2727 Morgan Avenue
P.O. Box 5488
Corpus Christi, Texas 78465-5488
Telephone: 361/881-1000
Facsimile: 361/881-1028

Ruben Bonilla
SBN: 02601000
Email: rbon1@swbell.net